IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DUANE E. PERRY | § | |
| | § | |
| V. | § | A-21-CV-266-RP |
| | § | |
| GREG ABBOTT, in his official capacity as Governor of Texas, and STEVEN McCRAW, in his official capacity as Director of the Texas Department of Public Safety | § § § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Harris County Jail. According to Plaintiff, he was convicted of sexual assault, second degree, in McLennan County, Texas, in July 1991, for a crime he committed in November 1988. He was sentenced to 40 years in prison pursuant to a plea agreement. Plaintiff was paroled in 2013 and

1

admits he was informed he would have to register as a sex offender for the rest of this life even though the registration law did not exist at the time he committed his offense. On February 12, 2021, Plaintiff was convicted of attempted failure to register as a sex offender and sentenced to 251 days in jail for which he received jail credit. Plaintiff remains in the Harris County Jail pending a revocation hearing regarding his parole.

Plaintiff contends the retroactive application of the sex offender registration law violates the Ex Post Facto Clause and deprived him of due process. He sues Governor Greg Abbott and Steven McCraw, Director of the Texas Department of Public Safety. Plaintiff does not specify the relief he seeks. The Court presumes he seeks a declaration that the sex offender registration law does not apply to him.

## DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Upon review of Plaintiff's complaint, the Court determines it is frivolous. The Fifth Circuit Court of Appeals has already determined the Texas registration statute is not punitive and does not violate the Ex Post Facto Clause. *Does 1-7 v. Abbott*, 945 F.3d 307, 314-15 (5th Cir. 2019). It is also settled that a conviction or similar adjudication of a sex offense supplies sufficient due process for the imposition of sex offender conditions, including registration. *Id.* at 312.

In addition, to failing on the merits, Plaintiff's complaint is also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Courts have extended the holding in *Heck* to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clark v. Stalder*, 154 F.3d 186, 190–91 (5th Cir.1998). A ruling in Plaintiff's favor would invalidate his conviction for attempted failure to register as a sex offender. Accordingly, this case is barred by *Heck*.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a

claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on April 2, 2021.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE